UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNARD R. HEROUX, SR.,

                                   Plaintiff,

                                                                     DECISION AND ORDER

                                                                     08-CV-6412L

             v.

ROBERT F. INGRASSIO AND
JENNIFER MAHANGER,

                                   Defendants.
_____

        Plaintiff, Bernard R. Heroux, Sr., has filed a *pro se* complaint against his former employer, CQC Prosthodontics, and two CQC employees, Robert F. Ingrassio and Jennifer Mahanger (collectively "defendants").[1]

        Plaintiff's complaint sets forth a variety of claims relating to harassment and discrimination by defendants, and denial of various employment benefits. Specifically, plaintiff asserts that he was discriminated against on the basis of his national origin as a French Canadian in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), that defendants denied plaintiff Workers' Compensation benefits in violation of New York Workers' Compensation Law, that plaintiff was denied participation in defendants' 401(k)

---

[1] Although CQC is not named in the caption of plaintiff's complaint, as defendants recognize, CQC is referred to throughout plaintiff's complaint and was plaintiff's employer at all relevant times. Accordingly, per defendants' request, I will treat CQC as if it were a named party in this lawsuit.

program in violation of the Employment Retirement Income Security Act, 29 U.S.C. § 1101, *et. seq.* ("ERISA"), and that defendants failed to reimburse plaintiff for mileage expenses in violation of Federal and New York law. Defendants now move to dismiss the complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #9).

**I. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). Generally, in evaluating a motion to dismiss under 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppared v. Beerman*, 18 F.3d 147, 150 (2d. Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d. Cir. 1987). To survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In assessing the sufficiency of the pleadings for a complaint filed *pro se*, the Supreme Court has reiterated that "[s]pecific facts are not necessary, and that the complainant need only give the defendant fair notice of what the . . . claim is and on the grounds upon which it rests." *Boykin v. Keycorp*, 521 F.3d 202, 214 (2d Cir. 2008), *citing Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2220 (2007) (internal quotations omitted). "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214, *quoting Erickson*, 127 S. Ct. at 2220. Mindful of this framework, I turn to plaintiff's allegations.

## II. Title VII Claims

The majority of plaintiff's claims are governed by Title VII, which makes it unlawful for an employer to discharge or otherwise discriminate against an individual on the basis of national origin. 42 U.S.C. § 2000e-2(a). Defendants contend that plaintiff's Title VII claims should be dismissed because plaintiff has failed to establish a *prima facie* case under Title VII for discrimination based on plaintiff's status as a French Canadian.

Plaintiff, however, is not required to establish a *prima facie* case under the *McDonnell Douglas* framework in order to survive a motion to dismiss. *See Williams v. New York City Housing Authority*, 458 F.3d 67, 71 (2d. Cir. 2006), *quoting Swienkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (stating that "the requirements for establishing a prima facie case under *McDonnell Douglas* [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). In *Swienkiewicz,* the Supreme Court held that at the pleadings stage, the plaintiff in an employment discrimination case is required to meet the standard set forth in Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swiekiewicz,* 534 U.S. at 512.

Initially, plaintiff's claims against the individual defendants under Title VII must be dismissed. It is well-settled that, "individuals are not subject to liability under Title VII." *See, e.g.*, *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d. Cir. 2000).

With respect to plaintiff's Title VII claims against CQC, plaintiff has failed to allege the exhaustion of his administrative remedies. In order to bring a claim under Title VII in federal district court, a plaintiff must first file a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") or an analogous state agency. *See* 42 U.S.C. § 2000e-5; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798-99 (1973); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683 (2d. Cir. 2001). The charge of discrimination must be filed with the EEOC or state agency within 180 or 300 days, respectively, after the date of the alleged unlawful acts. 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). If an employee fails to submit a timely EEOC charge with respect to his employer's activity, the employee may not challenge that activity in federal court. *See* 42 U.S.C. § 2000e-5(f)(1); *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 127 S.Ct. 2162, 2166, (2007) ("[I]f the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court . . . ."), *abrogated in part by statute*, 42 U.S.C. 2000e-5(e)(3)(A); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998) ("[D]iscriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court"). Here, plaintiff has not pleaded, nor does the record otherwise indicate, that he filed a timely complaint with either the EEOC or the New York State Division of Human Rights prior to commencing the present action. As such, plaintiff's claims under Title VII must be dismissed.

**III.    Workers' Compensation Claim**

Plaintiff's claim for Workers' Compensation must also be dismissed. The relevant statutes impose no obligation on defendants to advise plaintiff of his right to seek Workers' Compensation. CQC's only obligation under New York Workers' Compensation Law concerning notice to its employees is to post notice of benefit coverage in the workplace. *See* N.Y. Workers' Compensation Law § 51. The penalty for failure to post notice of benefit

coverage is a fine of up to $250 assessed by the Workers' Compensation Board, *see id.*, not a private civil action in federal court.

Further, plaintiff has already applied for and been denied Workers' Compensation benefits in connection with the injuries that form the basis for his current claims against defendants. *See* Dkt. #12, Exhibit 2. The Workers' Compensation Board, after conducting a hearing and listening to testimony from both parties in this case, found plaintiff's testimony "inconsistent and contradictory" and held that plaintiff's claims for Workers' Compensation benefits were time-barred for failure to give timely notice of injury to defendants. *Id.* The Workers' Compensation Board's findings were affirmed by a Memorandum of Board Panel Decision on September 26, 2008. *Id.*

Any Workers' Compensation Board determination must be given *res judicata* effect by this court where, as here, the findings by the Board are made in adjudicatory proceedings and "where the board makes discrete findings of fact." *Tran v. Antoine Aviation Co., Inc.*, 624 F. Supp. 179, 180 (S.D.N.Y. 1985). Plaintiff is not permitted to challenge the Workers' Compensation Board's findings by filing a complaint against his former employer in federal court. To the extent that plaintiff's complaint can be construed as seeking damages against defendants for injuries arising during his employment, plaintiff's Workers' Compensation claim must also fail. Workers' Compensation provides the exclusive remedy for employees injured in the course of their employment. *See* New York Workers' Compensation Law §§ 11, 12; *see also Sedita v. New York City Transit Authority*, 44 A.D.3d 741, 843 N.Y.S.2d 413 (2d Dep't 2007).

## IV. Mileage Reimbursement Claim

Contrary to plaintiff's belief, plaintiff is not entitled to mileage reimbursement from defendants at the rate of 48.5 cents per mile. Neither Federal nor New York statutory law requires an employer to reimburse its employees for mileage. The IRS rate upon which plaintiff relies is used by employers and employees to calculate the deductible costs of operating an automobile for business purposes. *See generally* I.R.S. Revenue Procedure 2008-72. While plaintiff may have been able to seek a tax deduction for the difference between the IRS published rate and the amount actually reimbursed by defendants, such reimbursement cannot be obtained from defendants in this forum. Plaintiff's claim for mileage reimbursement, therefore, must be dismissed.

## V. ERISA Claim

ERISA provides that plan administrators have a fiduciary duty to act "solely in the interest of the participants . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1). This fiduciary duty includes the obligation to provide participants with certain plan documents. *See Lee v. Burkhart*, 991 F.2d 1004, 1011 (2d Cir. 1993) (failure to provide participants with a plan description in violation of a statutory obligation can support a breach of fiduciary duty claim); *Krohn v. Huron Memorial Hospital*, 183 F.3d 542 (6th Cir. 1999) (finding that § 1104(a)(1) establishes the general proposition that the employer has a fiduciary duty "to act with reasonable prudence to inform" the employee about employee benefits); *see also Simeon v. The Mount Sinai Medical Center*, 150 F. Supp. 2d 598 (S.D.N.Y. 2001); *Kulkarni v. Metropolitan Life Insurance Co.*, 187 F. Supp. 2d 724, 728

(W.D.Ken. 2001). However, regardless of whether plaintiff's allegations sufficiently state a claim against CQC for breach of the fiduciary duty imposed by ERISA, plaintiff's ERISA claim nevertheless must be dismissed as untimely.

ERISA provides that no action may be commenced with respect to a breach of fiduciary duty claim after the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation . . . .

29 U.S.C. § 1113. "[A] plaintiff has 'actual knowledge of the breach or violation' within the meaning of ERISA . . . when he has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." *Frommert v. Conkright,* 433 F.3d 254, 272 (2d Cir. 2006), *quoting Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001). "While a plaintiff need not have knowledge of the relevant law, he must have knowledge of all facts necessary to constitute a claim." *Caputo*, 267 F.3d at 193 (internal citation omitted).

Here, plaintiff had actual knowledge of defendants' breach of fiduciary duty as early as 2004. According to plaintiff's complaint, defendants "[f]ailed to inform me of my benefits and rights in 2004." Dkt. #12, Exhibit 1. This, according to plaintiff, resulted in plaintiff being "cheated [out] of the 20% contribution . . . by [defendants] for the 401K pention [sic] benefits, for . . . 4 years. Because again [defendants] failed to inform me how to proceed to participate in the [retirement plan]." *Id.* Plaintiff further asserts that defendants repeatedly ignored his request for a copy of defendants' employee handbook over a period of years, so that plaintiff was unable

to ascertain the procedure for enrolling in CQC's 401(k) benefit plan. *See id.* Based on plaintiff's own admissions, plaintiff was aware, as early as 2004, of "all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." *See Frommert,* 433 F.3d at 272. As a result, the three year statute of limitations set forth in 29 U.S.C. § 1113(2) is controlling. Plaintiff filed his complaint on September 11, 2008, well beyond the three-year statute of limitations, and therefore his ERISA claim is dismissed as time-barred.

**VI.    Conclusion**

For the reasons set forth above, defendants' motion to dismiss for failure to state a claim is granted in its entirety. Plaintiff's Title VII claims against CQC Prosthodontics are dismissed without prejudice, and the remainder of the complaint is dismissed with prejudice (Dkt. #9).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 6, 2009.